UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:

Sun Property Consultants, Inc.,

                  Debtor.

-------------------------------------------------------------x

Raj & Raj Realty, Ltd.,

                  Plaintiff,

      v.

Difficile Realty Corp.,

                  Defendant.

-------------------------------------------------------------x

Case No.: 8-16-72267-las

Chapter 7

Adv. Pro. No.: 8-19-08064-las

## MEMORANDUM DECISION AND ORDER
## ON DEFENDANT'S MOTION FOR SANCTIONS

     Before the Court is the motion of defendant Difficile Realty Corp. ("Difficile") to impose sanctions on plaintiff Raj & Raj Realty, Ltd. ("Raj & Raj"), Ruby Singh ("Ruby"), Ruby's mother-in-law, Rajeshwari Singh ("Rajeshwari"),[1] and William M. Gearty, Esq. ("Gearty"), counsel for Raj & Raj, pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), Rule 11 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P." or "Rule"), and 28 U.S.C. § 1927 ("Sanctions Motion"). [Dkt. No. 49].[2] Gearty filed opposition to the Sanctions Motion, [Dkt. No. 56], and Difficile filed a reply, [Dkt. No. 57]. Ruby and Rajeshwari did not separately file opposition to the Sanctions Motion.

---

[1] Rajeshwari Singh has also appeared in the bankruptcy case and in this adversary proceeding as "Rajeswary Singh" and as "Rajeswari Singh."

[2] Unless otherwise stated, all docket references to the adversary proceeding are cited as "[Dkt. No. __]" and all docket references to the related bankruptcy case of Sun Property Consultants, Inc., Case No. 8-16-72267-las, are cited as "[Bankr. Dkt. No. __]."

The Court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by Order dated December 5, 2012. The matter has been fully briefed and the Court has carefully considered the parties' submissions and arguments, as well as the record in this adversary proceeding and the record in the underlying bankruptcy case of Sun Property Consultants, Inc. ("Debtor"). For the following reasons, the Sanctions Motion is granted in part and denied in part.

BACKGROUND[3]

The Court presumes the parties' familiarity with the facts and procedural history of this adversary proceeding and the Debtor's bankruptcy case. *See Memorandum Decision and Order Granting Defendant's Motion To Dismiss Amended Complaint*, dated May 17, 2021 ("Memorandum Decision"). [Dkt. No. 60]. Accordingly, the Court will provide background only to the extent necessary to decide Difficile's motion to impose sanctions on Raj & Raj, Ruby, Rajeshwari and Gearty.

On May 23, 2016, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. [Bankr. Dkt. No. 1]. At the time of the bankruptcy filing, Debtor owned and operated a strip shopping center located at 4019-4021 Hempstead Turnpike, Bethpage, New York 11714 and 150-166 Hicksville Road, Bethpage, New York 11714 (the "Property").

---

[3]The facts are taken from the pleadings, exhibits, and other papers submitted by the parties in this adversary proceeding as well from the Debtor's bankruptcy case. The Court has taken judicial notice of the contents of the docket in the Debtor's bankruptcy case, the docket in this adversary proceeding, as well as the docket in Ruby's individual bankruptcy case, Case No. 8-19-72222-ast. *Teamsters Nat'l Freight Indus. Negotiating Comm. et al. v. Howard's Express, Inc. (In re Howard's Express, Inc.)*, 151 Fed. Appx. 46, 48 (2d Cir. 2005) (stating that courts are empowered to take judicial notice of public filings, including a court's docket); *Levine v. Egidi*, No. 93 C 188, 1993 WL 69146 (N.D. Ill. Mar. 8, 1993); *MedMal Trust Monitor v. VIII SV 5556 Lender, LLC (In re Saint Vincent's Catholic Med. Ctrs. of N.Y.)*, 440 B.R. 587, 599 (Bankr. S.D.N.Y. 2010) (taking judicial notice of the docket in the underlying bankruptcy case); *In re Campbell*, 500 B.R. 56, 59 n.7 (Bankr. D.N.M. 2013) (electing to take judicial notice of the entire file in the case for sake of completeness as a bankruptcy court has the inherent authority to take judicial notice of entries on its own docket).

On motion of Yann Geron, Esq., the chapter 11 trustee appointed in Debtor's chapter 11 case, [Bankr. Dkt. No. 301], Debtor's chapter 11 case was converted to a case under chapter 7 of the Bankruptcy Code on October 3, 2018, [Bankr. Dkt. No. 313], and Mr. Geron was appointed as chapter 7 trustee, [Bankr. Dkt. No. 315]. By Order dated February 1, 2019, the Court approved the sale of the Property by the chapter 7 trustee to the back-up bidder at auction, REMM Consultants, Inc. ("REMM"), or any designee of REMM, free and clear of all liens, claims and encumbrances, subject to "Permitted Exceptions" (the "REMM Sale Order"). [Bankr. Dkt. No. 373]. Thereafter, pursuant to a Purchase and Sale Agreement and a subsequent Bargain and Sale Deed Without Covenants, dated February 5, 2019, the trustee conveyed the Property to Difficile as REMM's designee. The Permitted Exceptions, as defined in the Purchase and Sale Agreement, did not contain any reference to a lease held by Raj & Raj, a former tenant which operated a restaurant known as Singletons at the Property. Singletons ceased operations in December 2015, several months before the Debtor's bankruptcy filing, and the tenant space formerly occupied by the restaurant remained vacant during the Debtor's bankruptcy case. At no time during the bankruptcy case did Raj & Raj assert any rights as a party to an unexpired lease for the space it previously occupied at the Property.

Raj & Raj brought this action against Difficile by filing a complaint on April 22, 2019 in the Supreme Court of the State of New York ("State Court"), County of Nassau, Index No. 605003/2019 (the "State Court Action"), contending, among other things, that Difficile breached Raj & Raj's lease with the Debtor and interfered with Raj & Raj's enjoyment of the leasehold premises by prohibiting Raj & Raj from gaining access to the Property. [Dkt. No. 1-2]. Difficile removed the State Court Action to the United States District Court for the Eastern District of New York ("U.S. District Court") by filing a Notice of Removal on April 23, 2019. [Dkt. No. 1]. The action was referred to this Court pursuant to 28 U.S.C. § 157(a)

by Order of the U.S. District Court entered on May 10, 2019. [Dkt. No. 1-6]. Difficile filed a motion to dismiss the complaint, [Dkt. No. 13], and a sanctions motion against Raj & Raj, its then counsel, Berger, Fischoff, Shumer, Wexler & Goodman, LLP ("Berger Fischoff"), and Raj & Raj's president, Harendra Singh ("Harendra"), [Dkt. No. 10]. Berger Fischoff moved to withdraw as counsel to Raj & Raj. [Dkt. Nos. 9, 11]. Harendra filed an affidavit dated July 22, 2019 ("July 2019 Affidavit") in opposition to Berger Fischoff's motion to withdraw. [Dkt. No. 15]. In his affidavit, Harendra demanded an accounting to Raj & Raj as to the legal fees and expenses charged against the retainer by Berger Fischoff and alleged an irreparable breakdown of the attorney-client relationship that made the continuation of the firm's representation of Raj & Raj impossible. At the conclusion of the hearing to consider the relief requested by Berger Fischoff and the opposition filed by Harendra, the Court granted the motion to withdraw, [Dkt. No. 16], and Raj & Raj thereafter retained Gearty as its counsel, [Dkt. No. 24]. The sanctions motion filed against Berger Fischoff and Raj & Raj was withdrawn by Difficile.

On August 30, 2019, Gearty filed a motion pursuant to Fed. R. Civ. P. 15(a)(2) and Bankruptcy Rule 7015 for leave to file an amended complaint ("Motion for Leave to Amend"). [Dkt. No. 30]. In support of the Motion for Leave to Amend, Raj & Raj submitted, *inter alia*, the following: (i) the Affirmation of Gearty, dated August 29, 2019 ("Gearty Affirmation") [Dkt. No. 30-1], (ii) the Affidavit of Ruby Singh sworn to on August 29, 2019 ("Ruby Affidavit") [Dkt. No. 30-2], (iii) the Affidavit of Rajeshwari Singh sworn to on June 17, 2019 ("Rajeshwari Affidavit") [Dkt. No. 30-10], and (iv) the proposed amended complaint.

The Gearty Affirmation states that neither Ruby nor Raj & Raj received notice of the Debtor's bankruptcy filing, the amended schedules filed by the Debtor, the order converting the Debtor's bankruptcy case from chapter 11 to chapter 7, or the application by the chapter 7 trustee to sell the Property. Gearty argues that Raj & Raj did not assert any of its rights or

4

allege the existence of a lease during the Debtor's bankruptcy case because Raj & Raj did not receive notice of the bankruptcy filing and therefore, the sale of the Property is avoidable at Raj & Raj's option. Gearty also alleges that Raj & Raj is entitled to entry of a judgment against Difficile for an accounting, unjust enrichment, and the conversion of certain personal property allegedly owned by Raj & Raj and located at the Property.

In her affidavit, Ruby asserts that ownership of Raj & Raj was transferred to her and her husband, Harendra, and on April 17, 2015, to her alone. Ruby states that she has been the Chief Executive Officer of Raj & Raj since April 17, 2015 and is listed with the New York State Department of State as Chief Executive Officer and as agent for service of process. The address for service of process is 150 Hicksville Road, Bethpage, New York 11714, the address of the Property. Additionally, Ruby denies receiving notices concerning the bankruptcy case, and contends that when the motion to authorize the chapter 7 trustee to sell the Property was approved on November 7, 2018, Raj & Raj lost any opportunity to argue it had a valid and bona fide leasehold interest at the Property. Ruby claims that from August 3, 2016 until June 12, 2019, Harendra played no role in Raj & Raj and could not receive notice on behalf of Raj & Raj. Ruby also alleges that on February 10, 2011, Raj & Raj and the Debtor entered into a lease extension agreement for an additional twenty-year term commencing February 1, 2019 and terminating on January 31, 2039, with an option to renew for an additional ten years. Neither the February 10, 2011 extension agreement nor any document reflecting the extension of the lease term was recorded with the Nassau County Clerk. Nevertheless, Ruby contends that the lease extension is *bona fide* based on the statements made by Rajeshwari in her affidavit.

The Rajeshwari Affidavit states that on February 10, 2011 Rajeshwari was presented with a lease extension agreement prepared by Raj & Raj. The reason for the extension of the existing lease term, which expired on January 31, 2019, was that Raj & Raj had made capital

improvements, which Rajeshwari believed exceeded $2.2 million, to the Property from 2008 through 2010. Rajeshwari states that she agreed to the lease extension and a rent reduction.

Difficile filed opposition to the Motion for Leave to Amend on September 18, 2019. [Dkt. No. 34]. Raj & Raj filed a reply on September 25, 2019. [Dkt. No. 36]. The Court held a hearing on the Motion for Leave to Amend on October 1, 2019. For the reasons set forth on the record of the hearing, the Court enlarged Raj & Raj's time to amend the complaint to October 1, 2019 and dismissed the Motion for Leave to Amend as moot. [Dkt. No. 40]. Gearty filed the amended complaint on October 1, 2019 ("Amended Complaint"). [Dkt. No. 39].

Pursuant to the Amended Complaint, Raj & Raj sought (i) to set aside the REMM Sale Order on the basis that Raj & Raj did not receive notice of the bankruptcy filing and the bankruptcy sale until after the sale order was entered, (ii) an accounting with respect to certain personal property located in the tenant space formerly occupied by Raj & Raj at the Property, and (iii) money damages with respect to the personal property under theories of unjust enrichment and conversion. The Amended Complaint was signed by Gearty as counsel for Raj & Raj and included a corporate verification of Raj & Raj signed by Ruby stating that the contentions in the Amended Complaint are not frivolous as defined under New York state court rules.[4]

On October 25, 2019, Difficile filed a motion to dismiss the Amended Complaint, [Dkt. No. 41], and served the motion on Gearty, [Dkt. No. 42].[5] On the same day, Difficile also served the Sanctions Motion on Raj & Raj, Gearty, Ruby and Rajeshwari. [Dkt. No. 49-24]. Raj & Raj did not withdraw or correct the Amended Complaint during the 21-day safe harbor

---

[4] No explanation is given by Gearty as to the application of State Court rules to this adversary proceeding or why it was necessary to verify the Amended Complaint. *See* Fed. R. Bankr. P. 9011(e) ("Except as otherwise specifically provided by these rules, papers filed in a case under the Code need not be verified.").

[5] As noted above, Difficile's motion to dismiss was granted and the Amended Complaint was dismissed in its entirety. *See Memorandum Decision*. The Court retained jurisdiction over the Sanctions Motion. *Id.*

period provided under Bankruptcy Rule 9011(c)(1)(A) and Fed. R. Civ. P. 11(c)(2). On December 4, 2019, Difficile filed with the Court the Sanctions Motion. [Dkt. No. 49]. Difficile contends that the filing of the Amended Complaint, the Rajeshwari Affidavit, the Ruby Affidavit, and the Gearty Affirmation violated Bankruptcy Rule 9011(b)(1)-(4) and Fed. R. Civ. P. 11(b)(1)-(4) and seeks sanctions against Gearty, Raj & Raj, Rajeshwari and Ruby under Bankruptcy Rule 9011(c) and Fed. R. Civ. P. 11(c). In addition, Difficile seeks sanctions against Gearty, as counsel to Raj & Raj, under 28 U.S.C. § 1927 for prolonging and multiplying these proceedings. As noted above, Gearty filed opposition to the Sanctions Motion on behalf of Raj & Raj, and Difficile replied. The parties did not request an evidentiary hearing and declined the opportunity for oral argument on the Sanctions Motion, preferring to rest on their respective submissions.

DISCUSSION

A.      Fed. R. Civ. P. 11

The purpose of Fed. R. Civ. P. 11 "is to deter baseless filings" and "streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990) (citing Advisory Committee Note on Fed. R. Civ. P. 11, 28 U.S.C. App., p. 576). It does so by "[imposing] an 'affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading' before actually signing it." *Hoatson v. N.Y. Archdiocese*, No. 05-Civ-10467 (PAC), 2007 WL 431098, at *9 (S.D.N.Y. Feb. 8, 2007) (quoting *O'Malley v. N.Y.C. Transit Auth.*, 896 F.2d 704, 706 (2d Cir. 1990)). Under Rule 11(b), an attorney who presents "a pleading, written motion, or other paper" to the court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the filing: (1) "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" (2) contains "claims, defenses, and other legal

contentions" that are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" (3) contains factual contentions that are either supported by evidence or "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;" and (4) contains "denials of factual contentions" that "are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." [6] Fed. R. Civ. P. 11(b)(1)-(4). This "require[s] litigants to 'stop-and-think' before initially making legal and factual contentions . . . and emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable . . . ." Fed. R. Civ. P. 11 advisory committee note to 1993 amendment. Counsel, therefore, "must undertake [a] reasonable inquiry to ensure that papers filed are well-grounded in fact, legally tenable, and not interposed for any improper purpose." *Mahoney v. Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 368 (E.D.N.Y. 2013) (quoting *Young v. Suffolk Cty.*, 922 F. Supp. 2d 368, 396 (E.D.N.Y. 2013)). As discussed below, in the Second Circuit, when considering a motion for sanctions under Rule 11, the court applies an "objective unreasonableness" standard. *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 387 (2d Cir. 2003).

---

[6] Fed. R. Civ. P. 11(b) provides:

> (b) **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

While Rule 11(a) requires "[e]very pleading, written motion, and any other paper" filed with the court be signed by at least one attorney of record individually (or by a party personally if the party is unrepresented), Rule 11(b) makes clear that an attorney who files, submits or later advocates the pleading, written motion or other paper, is certifying that the requisite inquiry under Rule 11(b) was made to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances, even if the person did not sign the paper. Fed. R. Civ. P. 11.

Under Rule 11(c), "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated," the court, on motion or on its own initiative, "may impose an appropriate sanction on any attorney, law firm or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1)-(3). The decision whether to impose sanctions lies within the discretion of the court. "[S]anctions under Rule 11 are discretionary, not mandatory." *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012). *See also Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004) ("Even if the district court concludes that the assertion of a given claim violates Rule 11 . . . the decision whether or not to impose sanctions is a matter for the court's discretion."); *McLeod v. Verizon New York, Inc.*, 995 F. Supp. 2d 134, 145 (E.D.N.Y. 2014) ("[T]he decision whether to impose sanctions is not mandatory, but rather is a matter for the court's discretion.").

In the bankruptcy context, Bankruptcy Rule 9011 governs the conduct of attorneys and parties when filing papers with the court. Bankruptcy Rule 9011 is similar to Rule 11. As stated by the Second Circuit, Bankruptcy Rule 9011 "parallels Federal Rule of Civil Procedure 11, containing only such modifications as are appropriate in bankruptcy matters." *In re Cohoes Indus. Terminal, Inc.*, 931 F.2d 222, 227 (2d Cir. 1991) (internal quotations and citation omitted).

Like its counterpart Rule 11(b), Bankruptcy Rule 9011(b) provides that by presenting to the court a pleading or other paper, an attorney certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the filing "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," that "legal contentions" contained therein "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," that "factual contentions" have "evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery," and that "denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief." Fed. R. Bankr. P. 9011(b)(1)-(4). And like its counterpart Rule 11(c), Bankruptcy Rule 9011(c) provides that if Bankruptcy Rule 9011(b) is violated, the court, on motion or on its own initiative, has the discretion to impose sanctions. Fed. R. Bankr. P. 9011(c)(1)-(2).

Because Bankruptcy Rule 9011 "parallels" Rule 11, the "application of Rule 9011 is informed by Rule 11 jurisprudence." *In re Cohoes*, 931 F.2d at 227. Hence, courts apply cases decided under Rule 11 to those brought under Bankruptcy Rule 9011. *Gwynn v. Walker (In re Walker)*, 532 F.2d 1304, 1308 (11th Cir. 2008), *cert. denied*, 556 U.S. 1181 (2009). *See also In re Kersner*, 412 B.R. 733, 743 (Bankr. D. Md. 2009) ("Because of the similarity between Bankruptcy Rule 9011 and Fed. R. Civ. P. 11, in deciding cases based on violations of Rule 9011, courts may look to cases that interpret [Fed. R. Civ. P.] 11." (internal quotes omitted)); *In re Jazz Photo Corp.*, 312 B.R. 524, 531 (Bankr. D.N.J. 2004) ("[Bankruptcy] Rule 9011 parallels Fed. R. Civ. P. 11 . . . . Courts apply the same standard in interpreting cases under [Bankruptcy] Rule 9011 as in cases involving Rule 11.").

Like Rule 11, Bankruptcy Rule 9011 seeks to deter baseless filings in bankruptcy proceedings. *Jazz Photo Corp.*, 312 B.R. at 531. "[Bankruptcy] Rule 9011, like its counterpart Federal Rule of Civil Procedure 11, plays an important role in maintaining the professionalism of the bar and the integrity of court processes. That role is best effectuated when the Rule is invoked sparingly, and '[a] request for sanctions under Rule 11 is not a tactical device.'" *In re Taub*, 439 B.R. 276, 281 (Bankr. E.D.N.Y. 2010) (quoting *Nakash v. U.S. Dep't of Justice*, 708 F. Supp. 1354, 1370 (S.D.N.Y. 1988)). All doubts must be resolved in favor of the signer of the pleading. *Lax v. 29 Woodmere Blvd. Owners, Inc.*, 812 F. Supp. 2d 228, 241 (E.D.N.Y. 2011).

B.      Compliance with the Safe Harbor Provision: Fed. R. Civ. P. 11(c)(2)

Before a court may consider the merits of a Rule 11 motion, the movant must have complied with the 21-day safe harbor notice required under Rule 11(c)(2) by (1) first serving a motion for sanctions on the opposing party, and (2) providing the opposing party with a 21-day period to withdraw or appropriately correct the challenged document before a motion for sanctions is filed or presented to the court. "The safe-harbor provision is a strict procedural requirement." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012). *See also Guarino v. Resciniti* (*In re Resciniti*), Case No. 8-16-70669-las, Adv. Pro. No. 8-16-08068-las, 2019 WL 1451278, at *1 (Bankr. E.D.N.Y. Mar. 29, 2019).

1.   Service of the Proposed Fed. R. Civ. P. 11 Motion

The proposed Rule 11 motion must be served upon the opposing party prior to the motion being filed with the Court so that the opposing party will have "notice of the alleged violation and an opportunity to respond before sanctions are imposed." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment.

> Rule 11 and principles of due process require that "the subject of
> a sanctions motion be informed of: (1) the source of authority for
> the sanctions being considered; and (2) the specific conduct or
> omission for which the sanctions are being considered so that the
> subject of the sanctions motion can prepare a defense." *Schlaifer
> Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (3d Cir.
> 1999). "Indeed, only conduct explicitly referred to in the
> instrument providing notice is sanctionable." *Id.* (citation
> omitted); *accord Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370,
> 389 (2d Cir. 2003).

*Star Mark Mgmt., Inc.,* 682 F.3d at 175. The Second Circuit has held that an informal letter warning without the service of a separate Rule 11 motion will not trigger the commencement of the 21-day safe harbor period. *Id.* However, the proposed motion need not include supporting affidavits or a memorandum of law. *Id.* at 176.

More importantly, the filed Rule 11 motion need not be exactly the same as the motion served on the opposing party. Courts have rejected a "hypertechnical" reading of Rule 11 that would require the filed motion be identical in all respects to the motion served during the safe harbor period. *Merritt v. Lake Jovita Homeowner's Assn., Inc.*, No.: 8:08-cv-98-T-27EAJ, 2010 WL 11507746, at *1 (M.D. Fla. May 10, 2010). So long as the Rule 11 motion filed with the court rests on substantially the same grounds set forth in the earlier notice of the motion given to the opposing party, the filed motion would comply with the safe harbor requirement. *Star Mark Mgmt., Inc.,* 682 F.3d at 176 (finding that, while the motion served during the safe harbor period did not contain supporting affidavits or a memorandum of law, the motion did comply with the spirit of Rule 11 as it gave notice that sanctions would be sought under Rule 11 and identified six reasons why the movant believed Rule 11 had been violated.).

2. Safe Harbor Period and Service of the Motion for Sanctions

As noted, before a motion for sanctions is filed with the court, the party alleged to have filed or presented the challenged document must be given twenty-one days to withdraw or correct the challenged document. Fed. R. Civ. P. 11(c)(2). "The motion for sanctions is not

. . . to be filed until at least 21 days . . . after being served. If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment.

Similarly, if a court disposes of the offending contention before the expiration of the 21-day safe harbor period, a Rule 11 motion cannot be filed as the alleged offending party did not have the full twenty-one days to withdraw the challenged document. *Ridder v. City of Springfield*, 109 F.3d 288, 295 (6th Cir. 1997).

> The 21-day, safe harbor service requirement controls not only the earliest date on which a motion may be filed . . . , it also indirectly controls the last date on which a Rule 11 sanctions motion may be filed. At the very least, a party must serve its Rule 11 motion before the court has ruled on the pleading, and thus before the conclusion of the case. Otherwise, the purpose of the "safe harbor" provision would be nullified. This has been interpreted to mean that Rule 11 motions must be served at least a full 21 days before the court concludes the case or resolves the offending contention . . . .

*In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 n.2 (2d Cir. 2003) (citing Moore's Federal Practice § 11.22[1](c) (3d ed. 2001)). "Ordinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely." Fed. R. Civ. P. 11 advisory committee's note to 1993 Amendment. *See also NXIVM Corp. v. Foley*, No.: 1:14-cv-1375 (LEK), 2015 WL 7776923 (N.D.N.Y. Dec. 2, 2015) (denying Rule 11 motion as untimely where the Court dismissed the case before the 21-day safe harbor period had elapsed); *Rojas v. Theobald*, No. 02-CV-3634 (DRH)(MLO), 2007 WL 2455133 (E.D.N.Y. Aug. 23, 2007) (denying Rule 11 sanctions where the motion was served and filed after all claims have been dismissed or withdrawn and the opposing party could no longer withdraw the challenged claims), *aff'd sub nom. Rojas v. Schkoda*, 319 Fed. Appx. 43 (2d Cir. 2009). A

motion for sanctions that fails to comply with the safe harbor provision must be denied. *Castro v. Mitchell*, 727 F. Supp. 2d 302, 306 (S.D.N.Y. 2010).

      C.      Objective Unreasonableness Standard

In the Second Circuit, when considering a motion for sanctions, "[t]he standard for triggering the award of fees under Rule 11 is objective unreasonableness, and is not based on the subjective beliefs of the person making the statement." *Storey*, 347 F.3d at 387 (internal quotations and citation omitted). *See also Star Mark Mgmt., Inc.*, 682 F.3d at 177. Good faith belief is not enough. *In re Blue Pine Group, Inc.*, 448 B.R. 267, 272 (Bankr. D. Nev. 2010), *aff'd*, 457 B.R. 64 (B.A.P. 9th Cir. 2011), *aff'd in part and vacated in part*, 526 Fed. Appx. 768 (9th Cir. 2013). As discussed above, Rule 11 imposes an affirmative duty on an attorney to conduct a reasonable inquiry as to the law and the facts before presenting and advocating a position to the court. *See Hoatson*, 2007 WL 431098 at *9; *In re Martin*, 350 B.R. 812, 817 (Bankr. N.D. Ind. 2006).

Whether an attorney conducted a reasonable inquiry before presenting the challenged pleading to the court depends upon the circumstances, such as

> "how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading . . . ; or whether he depended on forwarding counsel or another member of the bar." *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1329 (2d Cir. 1995). Sanctions are appropriate against an attorney if a "factual allegation in a complaint, motion or other paper filed with the court has no evidentiary support . . . unless there [is] a specific disclaimer that additional investigation is necessary." *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 1996) (citation omitted). The allegations in question must be "utterly lacking in support" in order to be deemed sanctionable. *Id.* Rule 11 sanctions are not warranted where the "evidentiary support is merely weak and the claim is unlikely to prevail." *See Scientific Components Corp. v. Sirenza Microdevices, Inc.*, No. 03-CV-1851 NGG, 2007 WL 1026411, [at] *2 (E.D.N.Y. Mar. 30, 2007).

*Mealus v. Nirvana Spring Water N.Y. Inc.*, No. 7:13-cv-313 (MAD/DEP), 2015 WL 4546023, at *6 (N.D.N.Y. July 28, 2015). With respect to legal contentions,

> [t]he fact that a legal theory is a long-shot does not necessarily mean it is sanctionable. *See Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002). The operative question is whether the argument is frivolous, i.e., the legal position has "no chance of success," and there is "no reasonable argument to extend, modify or reverse the law as it stands."

*Fischoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011) (quoting *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995)). An attorney violates Rule 11 "where it is patently clear that a claim has absolutely no chance of success under existing precedents . . . ." *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir. 1985) (*superseded on other grounds by rule*).

A court must "strive to avoid the wisdom of hindsight." *Id.* "[A]ny ambiguity as to whether the basis for assertions in papers are objectively reasonable must be resolved in favor of the non-filing party." *Taub*, 439 B.R. at 282. "'[W]hen divining the point at which an argument turns from merely losing to losing *and* sanctionable, . . . courts [must] resolve all doubts in favor of the signer' of the pleading." *Lax,* 812 F. Supp. 2d at 241 (quoting *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993) (emphasis in original)).

D.      Type of Sanctions to be Awarded: Factors Considered

Rule 11(c) provides that if "the court determines that Rule 11(b) has been violated, the court *may* impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c) (emphasis added). As stated above, the decision whether to impose sanctions lies within the discretion of the court. *Ipcon Collections LLC*, 698 F.3d at 63; *Perez*, 372 F.3d at 325; *McLeod*, 995 F. Supp. 2d at 145.

15

"[D]ecisions to impose Rule 11 sanctions must be made with restraint . . . ." *Pannonia Farms, Inc. v. USA Cable*, No. 03 Civ. 7841 (NRB), 2006 WL 2872566, at *5 (S.D.N.Y. Oct. 5, 2006). Accordingly, the imposition of sanctions must be exercised with caution. *Mealus,* 2015 WL 4546023, at *4. Factors a court considers when determining whether sanctions should be imposed include:

> (1) whether the improper conduct was willful, or negligent;
> (2) whether it was part of a pattern o[f] activity, or an isolated event;
> (3) whether it infected the entire pleading, or only one particular count or defense;
> (4) whether the person has engaged in similar conduct in other litigation;
> (5) what effect it had on the litigation process in time or expense;
> (6) whether the responsible person is trained in the law; and
> (7) what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case.

*Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, Slip Copy No. 16-CV-885 (JPO), 2019 WL 422613, at *3 (S.D.N.Y. Feb. 4, 2019) (quoting *Cont'l Cas. Co. v. Marshall Granger & Co., LLP*, No. 11 Civ. 3979 (CS), 2017 WL 1901969, at *7 (S.D.N.Y. May 9, 2017)). *See also* Fed. R. Civ. P. 11 advisory committee note to 1993 amendment.

Any sanction imposed must be measured by what is necessary to deter repetition. Rule 11(c)(4) provides that:

> [a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4).

Accordingly, the sanction to be imposed "may, but need not, include payment of the other parties' expenses", *Cooter & Gell*, 496 U.S. at 393, but should be commensurate with what is necessary "to punish and to deter future similar conduct" as opposed to compensating

the moving party. *Bobcar Media, LLC*, 2019 WL 422613, at *3 (quoting *Tantaros v. Fox News Network LLC*, No. 17 Civ. 2958, 2018 WL 1662779, at *3 (S.D.N.Y. Mar. 16, 2018)). "[T]he purpose of Rule 11 sanctions is to deter rather than to compensate." Fed. R. Civ. P. 11 advisory committee note to 1993 amendment. "Rule 11 is not a fee-shifting statute." *Cooter & Gell*, 496 U.S. at 409. *See also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 369 F.3d 91, 98 (2d Cir. 2004) (per curiam) ("Rule 11 is not a fee-shifting mechanism and does not create an entitlement to attorney's fees." (internal quotation marks and citation omitted)).

With these legal principles in mind, the Court now addresses whether there has been a violation of Rule 11 and, correspondingly, Bankruptcy Rule 9011.

E.    Ruby Affidavit, Rajeshwari Affidavit and Gearty Affirmation

The Ruby Affidavit, the Rajeshwari Affidavit and the Gearty Affirmation were filed in support of Raj & Raj's Motion for Leave to Amend. The Court enlarged Raj & Raj's time to file the Amended Complaint to October 1, 2019 due to Raj & Raj requiring additional time to retain new counsel and dismissed the Motion for Leave to Amend as moot on the same date. [Dkt. No. 40]. Difficile served the Sanctions Motion on Raj & Raj, Ruby, Rajeshwari and Gearty on October 25, 2019, twenty-four days after the Court ruled on the Motion for Leave to Amend. [Dkt. No. 49-24]. Difficile then waited the requisite twenty-one days to pass after the date of service before filing the Sanctions Motion with the Court on December 4, 2019. [Dkt. No. 49].

Despite Difficile waiting for the passage of the 21-day safe harbor period prior to filing the Sanctions Motion with the Court, the Sanctions Motion is untimely as to the Ruby Affidavit, Rajeshwari Affidavit, and Gearty Affirmation, all of which were filed in support of the Motion for Leave to Amend. As the Second Circuit noted in *Pennie & Edmonds LLP*, 323

F.3d at 89 n.2, a party moving for sanctions must serve its motion before the court has ruled on the challenged document in order to provide the opposing party an opportunity to withdraw or make appropriate corrections to the challenged document, otherwise the safe harbor provision would be nullified. Because Difficile served the Sanctions Motion after the Court dismissed the Motion for Leave to Amend as moot, neither Ruby, Rajeshwari nor Gearty had an opportunity to withdraw or make appropriate corrections to the challenged pleadings, to wit, their respective affidavits and affirmation filed in support of the Motion for Leave to Amend. In short, the 21-day safe harbor period never commenced with respect to the Ruby Affidavit, Rajeshwari Affidavit, and Gearty Affirmation. Only the Amended Complaint filed on October 1, 2019 remained subject to the 21-day safe harbor period when Difficile served the not yet filed Sanctions Motion on October 25, 2019. The Ruby Affidavit, Rajeshwari Affidavit and Gearty Affirmation were not attached to, or incorporated by reference in, the Amended Complaint. Therefore, Difficile's request for sanctions under Rule 11 as to Ruby, Rajeshwari and Gearty for statements made in their respective affidavits and affirmation is untimely and must be denied as they did not receive the benefit of the safe harbor period for these documents.

The Amended Complaint, however, is a different story. Difficile timely provided the requisite 21-day safe harbor notice to Gearty and Raj & Raj with respect to the filing of the Amended Complaint; therefore, they received the benefit of the safe harbor period as to the Amended Complaint and had the opportunity to retract or correct the challenged pleading. Gearty and Raj & Raj neither withdrew nor took steps to correct the Amended Complaint. Accordingly, the Court may consider whether sanctions may be imposed against Gearty and

Raj & Raj under Fed. R. Civ. P. 11 for, as Difficile maintains, making allegations without first having a proper basis, both factually and legally, to do so.[7]

F.    Amended Complaint

The first count of the Amended Complaint sought to set aside the REMM Sale Order on the basis that Raj & Raj, through Ruby, did not receive notice pursuant to Bankruptcy Rule 2002(a) of the filing of the Debtor's bankruptcy case and certain orders entered by the Court, including the orders authorizing the sale of the Property. As particularized in the Memorandum Decision, a careful review of the docket and pleadings filed in both the Debtor's bankruptcy case and in this adversary proceeding would have revealed that Raj & Raj had actual notice of the Debtor's bankruptcy case. Any claimed lack of notice is belied by the record. Consider the following as drawn from the record in this bankruptcy case, and the adversary proceeding.

First, Harendra, as President of Raj & Raj, admitted in an affidavit filed in State Court in support of an Order to Show Cause when this action was commenced ("Harendra State Court Affidavit"), that "[i]n May 2016, [Raj & Raj] learned that [the Debtor] filed for protection under Chapter 11 of the United States Bankruptcy Code." [Dkt. No. 1].

Second, Harendra asserted in his July 2019 Affidavit filed in opposition to Berger Fischoff's motion to withdraw as counsel that he would have appeared at the trustee's sale of the Property but for restrictions of his bail conditions. Harendra asserted that:

> [h]ad I not been restricted by the conditions of my bail, which prohibited me from participating in any business interests or

---

[7] Before applying the governing standard under Fed. R. Civ. P. 11 to Difficile's request that sanctions be imposed, the Court notes that enlargement of Raj & Raj's time to file the Amended Complaint did not constitute a finding as to the merits of the factual and legal contentions set forth in the Amended Complaint and did not preclude any inquiry as to whether Gearty and Raj & Raj fulfilled their affirmative obligations under Fed. R. Civ. P. 11, including whether presentation of the challenged pleading had a proper purpose, and that it had proper factual and legal support. At that time, the Amended Complaint had not been "presented" and the only issue was whether Raj & Raj's time to file an amended complaint should be enlarged given the circumstances of its prior counsel having withdrawn from this adversary proceeding.

> dealings I had, including the restaurant, I would have appeared at the trustee's sale or had a representative appear on my behalf to reinforce our position, and preserve the lease and RAJ & RAJ's interest in the lease.

July 2019 Affidavit para. 14. Thus, contrary to the allegations in the Amended Complaint, Raj & Raj clearly had notice that the trustee had scheduled a sale of the Property. Moreover, to the extent Raj & Raj's argument in the Amended Complaint is that Ruby was the person in charge of Raj & Raj throughout the Debtor's bankruptcy case, there is no reason why Ruby or a legal representative of Raj & Raj could not have filed opposition to the trustee's motion for authorization to sell the Property, or appeared before the Court on behalf of Raj & Raj to preserve any interest Raj & Raj may have in the lease prior to the auction sale taking place or at the subsequent hearing to approve the sale.

Third, Harendra executed a tolling stipulation with the chapter 7 trustee in the bankruptcy case on behalf of himself individually on October 15, 2018, [Bankr. Dkt. No. 335], and on behalf of Raj & Raj as owner on November 8, 2018, [Bankr. Dkt. No. 340]. Despite Harendra's assertion that he was prohibited from being involved in Raj & Raj's business and that it was Ruby who was in charge of Raj & Raj's operations, Harendra's execution of the tolling agreement on behalf of Raj & Raj confirms that he, and not Ruby, represented the interests of Raj & Raj in the Debtor's bankruptcy case.

Fourth, Ruby did not assert an ownership interest in Raj & Raj until the submission of her affidavit in support of Raj & Raj's Motion for Leave to Amend the complaint filed on August 30, 2019 and her verification to the Amended Complaint. Consistent with Ruby's lack of prior involvement with Raj & Raj, when Ruby filed for bankruptcy on March 26, 2019, she did not disclose an ownership interest in Raj & Raj in her original bankruptcy schedules and the Statement of Financial Affairs ("SOFA") or in her amended schedules and SOFA, even though Ruby declared under the penalty of perjury that the information contained in these

20

documents was true and correct. It was only after Difficile questioned the extent of Ruby's involvement in Raj & Raj in its motion to dismiss the Amended Complaint, filed on October 25, 2019, and after the trustee in Ruby's bankruptcy case filed a complaint on November 1, 2019 seeking to object to Ruby's discharge did Ruby filed a second amended SOFA on December 4, 2019 listing an ownership interest in Raj & Raj.

Fifth, during the chapter 11 case and prior to conversion to chapter 7, the Debtor served Harendra with a motion seeking a Bankruptcy Rule 2004 examination and production of documents. [Bank. Dkt. No. 57]. Harendra's attorneys filed notices of appearance directing that they be served with notice of all pleadings filed in the bankruptcy case. [Bankr. Dkt. Nos. 75, 76]. They also moved to quash the Bankruptcy Rule 2004 subpoena [Bankr. Dkt. No. 77] and appeared in Court for oral argument on the motion to quash. The notices of appearance were never withdrawn and Harendra's attorneys were served with the motion by the chapter 7 trustee seeking authorization to sell the Property. [Bankr. Dkt. No. 330]. Harendra never filed any papers with this Court directing that any notices in the Debtor's bankruptcy case be addressed to him or Ruby at their residence or to Raj & Raj at its purported business address during the pendency of the bankruptcy case, nor did Harendra or Ruby do so after Difficile removed the State Court Action to this Court.

Lastly, as detailed in the Memorandum Decision, notice of the commencement of the Debtor's bankruptcy case and subsequent notices, including notice of the chapter 7 trustee's application to the Court to sell the Property at auction, were sent in accordance with Bankruptcy Rule 2002(a) to the address listed for Raj & Raj in the Debtor's schedules filed with the Court.

Gearty maintains that he reviewed the docket in the underlying bankruptcy case and the pleadings filed in this adversary proceeding and, where there were inconsistences, he made sure to ask follow-up questions of his client. That approach is consistent with the

obligation under Rule 11 to make a reasonable inquiry and is expected of counsel. "When the attorney can get the information necessary to certify the validity of the claim in public fashion and need not rely on the client, he must do so." *Nassau-Suffolk Ice Cream, Inc. v. Integrated Res., Inc.*, 114 F.R.D. 684, 689 (S.D.N.Y. 1987). While "an attorney is entitled to rely on the objectively reasonable representations of the client," *Hadges*, 48 F.3d at 1329-30, the attorney must nevertheless "conduct an inquiry reasonable under the circumstances into whether the factual contentions have evidentiary support," *Id.*, at 1330 (internal quotations omitted) (citing Fed. R. Civ. P. 11(b)).

> When an attorney must rely on his client, he should question him thoroughly, not accepting the client's version on faith alone. *Fleming Sales Co.,* [sic] *v. Bailey*, 611 F. Supp. 507, 519 (N.D. Ill. 1985). However, "if all the attorney has is his client's assurance that facts exist or do not exist, when a reasonable inquiry would reveal otherwise, he has not satisfied his obligation." *Coburn Optical Industries v. Cilco, Inc.*, 610 F. Supp. 656, 659 (M.D.N.C. 1985).

*Nassau-Suffolk Ice Cream, Inc.*, 114 F.R.D. at 689; *see also Saltz v. City of New York*, 129 F. Supp. 2d 642, 646 (S.D.N.Y. 2001).

Yet, if Gearty did undertake a careful review of the extensive underlying record in the bankruptcy case and this adversary proceeding, including the Harendra State Court Affidavit, Harendra's July 2019 Affidavit, and the previous sanctions motion filed by Difficile against Raj & Raj, Harendra and Berger Fischoff, as he claimed, then he would have realized that the factual and legal contentions in the Amended Complaint that Raj & Raj did not have notice of the commencement of the bankruptcy case or the trustee's proposed sale in time to protect any alleged leasehold interest in the Property lacked evidentiary support. As Difficile noted in its Sanction Motion, there was no ambiguity or uncertainty as to whether Raj & Raj had actual notice of the Debtor's bankruptcy case and the proposed sale of the Property in light of Harendra's admissions and execution of the tolling stipulation on behalf of Raj & Raj.

Any reliance by Gearty on the subsequent representations of Raj & Raj to the contrary would be unreasonable. It is inexplicable why Gearty would choose to disregard the extensive factual record of the underlying bankruptcy case and this adversary proceeding, which were publicly available to him, unless he did not conduct the requisite inquiry.

What is telling is Raj & Raj and Gearty failed to address the uncontroverted facts evidencing that Raj & Raj, through Harendra, had actual notice of, and participated in, the Debtor's bankruptcy case, including the admissions in the Harendra State Court Affidavit that Raj & Raj first learned of the Debtor's bankruptcy filing in May of 2016, and in Harendra's July 2019 Affidavit that Harendra would have appeared at the trustee's sale of the Property to preserve Raj & Raj's leasehold interest in the Property if he were not prohibited from doing so. They do not offer any explanation for the discrepancies between the clear evidentiary record and the factual allegations in the Amended Complaint. Rather, Raj & Raj and Gearty want this Court to ignore the actual notice that Raj & Raj and Harendra had of the bankruptcy proceedings. They argue, instead, that it is Ruby who should have received notice of the bankruptcy pleadings, including notice of the bankruptcy filing itself, and service should have been made upon Raj & Raj at an address where Raj & Raj had not operated for three years by the time the bankruptcy auction sale occurred.[8] As detailed in the Memorandum Decision, this argument as to the manner and method of service is misplaced and lacks proper legal support.

In addition to ignoring the evidentiary record that Raj & Raj and Harendra had actual notice of the bankruptcy proceeding, Gearty contends, without any legal support or authority,

---

[8] In the face of the claimed lack of notice of the bankruptcy case, it bears repeating that Rajesh Singh, president of the Debtor, is Harendra's father, and that Rajeshwari Singh, who made a post-petition loan to the Debtor shortly after the bankruptcy case was commenced, is Harendra's mother. The address for Raj & Raj provided to the Debtor by Rajesh when the bankruptcy case was commenced was his and Rajeshwari's home address. The case docket reflects that notices were sent to that address during the bankruptcy case pursuant to Bankruptcy Rule 2002.

that a bidder at a bankruptcy auction sale has a duty to ensure that creditors and parties in interest receive appropriate notice of a trustee's bankruptcy sale; thus, the REMM Sale Order should be vacated vis-à-vis a back-up bidder at an auction sale by reason of the alleged lack of notice of the sale to Raj & Raj. The problem with counsel's legal contention is multi-fold. First, Gearty contends that the Amended Complaint is in essence a motion for reconsideration of the order approving the sale of the Property. It is not. Raj & Raj had the opportunity to file a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b)[9] soon after the Court authorized the sale to proceed or otherwise seek to set aside the REMM Sale Order in the underlying bankruptcy case after the sale of the Property occurred. It chose not to do either. Rather than challenge the form and manner of notice provided by the chapter 7 trustee to creditors and parties in interest of the motion seeking authorization to sell the Property before this Court, Raj & Raj chose instead to commence a lawsuit in State Court against Difficile, the assignee of the back-up bidder at the auction sale, alleging first that Difficile had violated Raj & Raj's lease without challenging the sale of the Property itself. If Raj & Raj's inability to protect its leasehold interest as a result of the trustee's sale of the Property was truly due to its lack of notice of the bankruptcy proceedings and the proposed sale, then one would have expected that argument would be the lead claim advanced in the original complaint. Not only did Raj & Raj not allege a deficiency of notice but it readily admitted in the Harendra State Court Affidavit that it learned of the Debtor's bankruptcy in May of 2016 and in Harendra's July 2019 Affidavit that Harendra and Raj & Raj had notice of the trustee's proposed sale of the Property.

It was only after Gearty was retained did Raj & Raj amend the complaint seeking to have the REMM Sale Order set aside, claiming that notice of the trustee's motion to sell the

---

[9] Fed. R. Civ. P. 60(b) is made applicable to bankruptcy cases by Bankruptcy Rule 9024.

Property was not provided to Ruby on behalf of Raj & Raj pursuant to Bankruptcy Rule 2002(a). Bankruptcy Rule 2002(a)(2) requires that twenty-one days' notice be given to the debtor, the trustee, and all creditors of the sale of property of the bankruptcy estate other than in the ordinary course of business. A review of the Court docket would have readily disclosed that the trustee did provide the requisite notice under Bankruptcy Rule 2002(a) to Raj & Raj at the mailing address provided by the Debtor at the beginning of the chapter 11 case. None of the Debtor, Raj & Raj, Harendra or Ruby sought to amend Raj & Raj's address in the Court's records to ensure that Raj & Raj would receive notices in the bankruptcy case at its purported busines address. Again, Gearty either failed to review the pleadings filed in the case and adversary proceeding, including the admissions made by Harendra in the Harendra State Court Affidavit and in his July 2019 Affidavit which contradicted the allegations made in the Amended Complaint, or chose to ignore them, clearly demonstrating a failure by counsel to ensure that the legal contentions have factual support.

Second, counsel provided no authority for his claims that (i) Difficile, as designee of the back-up bidder at an auction sale, had a legal obligation to ensure that the trustee provided notice of the sale under the applicable Bankruptcy Rules to not only all of the Debtor's creditors, but also to every possible party in interest and (ii) Difficile is liable for any such claimed lack of notice. Gearty advances this argument even though a bidder appearing for the first time at an auction sale is clearly not on the scene at the time a trustee in bankruptcy moves for approval by the court of bidding procedures and seeks authorization to market and sell property of the estate. How is it possible for that bidder to be responsible for noticing the sale? Gearty does not provide an answer to this most basic question. He did not construct a nonfrivolous argument for the extension or modification of the existing notice procedures for a bankruptcy auction sale. The argument he did advance on the issue of notice of both the commencement of a bankruptcy case and a trustee's motion to sell estate property

misstated the applicable governing procedural rules and how notices of the filing of a bankruptcy case and of the sale of estate property are given. *See* Memorandum Decision. In short, this is not a question of chilling zealous advocacy or stifling creativity that may come from responsible lawyering, but rather a presentation to the Court that falls short of meeting the certification under Rule 11(b) that a claim or other legal contention must either be properly supported by existing law or by a nonfrivolous argument for changing existing law. Fed. R. Civ. P. 11(b).

Third, Gearty also failed to adequately plead sufficient facts to show that Raj & Raj held an enforceable leasehold interest in the Property vis-à-vis Difficile before claiming that the REMM Sale Order must be vacated as to Difficile. As detailed in the Memorandum Decision, a review of the record in this bankruptcy case shows that Raj & Raj ceased to occupy tenant space at the Property in 2015 when Singletons closed and Bethpage Bistro and Catering LLC ("Bethpage Bistro") operated in the tenant space formerly occupied by Raj & Raj for a few months prior to the Debtor's bankruptcy filing in May 2016. Furthermore, in asserting that Raj & Raj had a leasehold interest at the Property until January 2039 with an option to renew for an additional ten years, counsel did not consider N.Y. REAL PROPERTY LAW § 291-cc, which rendered Raj & Raj's unrecorded extension of the lease term unenforceable as to Difficile, a good faith purchaser for value at an auction sale who did not have notice of the unrecorded extension. A review of the county clerk's records would have shown that Raj & Raj's lease term expired on January 31, 2019, one day prior to the Court's entry of an order approving the sale of the Property to REMM and five days prior to the closing on Difficile's purchase of the Property.

Similarly, as noted in the Court's Memorandum Decision, Raj & Raj's claims of ownership of certain personal property at the Property in the second, third and fourth counts of the Amended Complaint are belied by the record and riddled with glaring discrepancies.

First, the Amended Complaint references and relies upon an appraisal dated March 23, 2016 ("Appraisal") of the personal property located at the Property prepared by Sencer Appraisal Associates at the request of, and delivered to, Mr. Vivek Singh concerning "Bethpage Bistro Restaurant, at 150 Hicksville Road" for the proposition that Raj & Raj is the owner of the very same personal property. [Dkt. Nos. 30-19, 46-4]. Second, the Amended Complaint also references a January 31, 2019 letter from Harvey J. Cavayero, Esq. ("Cavayero January 2019 Letter"), [Dkt. No. 30-18], to the trustee where Mr. Cavayero explicitly stated that his client, Bethpage Bistro, owns the personal property at the Property. While the Appraisal and the Cavayero January 2019 Letter were not attached to the Amended Complaint, these documents were exhibits to Raj & Raj's Motion for Leave to Amend and clearly in Gearty's and Raj & Raj's possession at the time the Amended Complaint was filed. Third, the trustee filed on January 11, 2019, a motion seeking an order to release the earnest money deposit of 4021 Hempstead Turnpike LLC ("4021 HTL"), the assignee of Valentine Mark Corporation ("VMC"), the initial successful bidder at the trustee's auction sale of the Property, to the Debtor's bankruptcy estate as a result of 4021 HTL's failure to close on the sale ("Earnest Money Forfeiture Motion"). [Bankr. Dkt. No. 351]. Mr. Cavayero, on behalf of 4021 HTL, filed opposition, dated January 21, 2019, which asserted that the trustee intentionally failed to disclose in his motion for authorization to sell the Property that "a substantial amount of restaurant furniture, fixtures and equipment . . . owned by [Bethpage Bistro] . . . remained on the Property and were not part of the [a]uction sale . . . ." [10] [Bankr. Dkt. No. 359, Dkt. Nos. 48-2, 57-1].

---

[10] Mr. Cavayero wore multiple hats in these bankruptcy proceedings. In addition to representing Bethpage Bistro in its quest to retrieve personal property left behind at the Property, he also represented (i) Rajeshwari as the post-petition lender to the Debtor, (ii) Ruby in her personal bankruptcy case, (iii) 4021 HTL with respect to the Earnest Money Forfeiture Motion, and (iv) the entity that entered into a contract with Difficile for the sale of the Property after the commencement of this adversary proceeding (which entity also did not close on the transaction and it is currently in litigation with Difficile over the failure to close and disposition of the earnest money deposit).

All these documents facially provide that Bethpage Bistro is the owner of the subject personal property, not Raj & Raj. Difficile pointed out these discrepancies regarding Raj & Raj's claim of ownership of the personal property in its motion to dismiss the Amended Complaint and Sanctions Motion [Dkt. Nos. 41, 48, 49]. Nevertheless, Raj & Raj neither withdrew counts two, three and four of the Amended Complaint, nor sought leave to further amend the complaint with respect to ownership of the personal property. Rather, in opposition to the Sanctions Motion, Gearty attached an affidavit by Mr. Cavayero, dated November 7, 2019 ("Cavayero November 2019 Affidavit"), to bolster the claim that the personal property in question belongs to Raj & Raj, and not Bethpage Bistro. This affidavit was submitted despite Mr. Cavayero's prior repeated representations to the Court and the trustee that Bethpage Bistro owns the personal property at issue. The Cavayero November 2019 Affidavit was neither referenced in, nor attached as an exhibit to, the Amended Complaint as it was prepared after the filing of the Amended Complaint and for the apparent purpose of fending off the motion to dismiss counts two, three and four. The Court declined to consider the Cavayero November 2019 Affidavit when deciding Difficile's motion to dismiss the Amended Complaint making clear that Raj & Raj could not amend its pleading through an opposition brief. *See* Memorandum Decision.

In the end, a more thorough review of the record and procedural history of this bankruptcy case and the pleadings filed in this adversary proceeding by Gearty before he stepped in as new counsel, and legal research regarding the enforceability of the lease vis-à-vis a back-up bidder would have revealed to Gearty a completely different story, both factually and legally, than that set forth in the Amended Complaint and later advocated by him. In view of the clear factual record, the applicable Bankruptcy Rules and relevant case law, the factual contentions in the Amended Complaint lacked proper evidentiary support and the legal positions asserted by counsel had "no chance of success," and there was "no

reasonable argument to extend, modify or reverse the law as it stands." *Fischoff*, 634 F.3d at 654.

Counsel's argument that he filed the Amended Complaint in good faith as new, incoming counsel, and should not be held accountable for attempting to further a new legal theory does not carry the day here. It does not obviate the need for counsel to make a reasonable inquiry and satisfy the affirmative obligations under Rule 11 when "presenting" to the court a pleading, i.e., that the presentation has a proper purpose and that it is both legally and factually proper. A good faith belief is not enough. *In re Blue Pine Group, Inc.*, 448 B.R. at 272. Counsel entering a proceeding midstream is not spared the obligation to conduct a reasonable inquiry of the case history. *United States v. Kirksey*, 639 F. Supp. 634 (S.D.N.Y. 1986) (finding substitute counsel's failure to familiarize themselves with the prior history of the case by conferring with outgoing counsel, and to review all of the voluminous books and records for which substitute counsel was asserting a Fifth Amendment privilege to be a violation of Rule 11). Consequences of such a failure falls squarely on counsel who formulated the legal arguments without conducting a reasonable inquiry into the factual and legal contentions from the public records available to him or relying heavily on the representations on his client to the exclusion of the factual record that evidences otherwise. In this case, a careful review of the record would have been most telling and may very well have given counsel pause before deciding to craft the legal claims in the fashion that he did and file pleadings with the Court. Additionally, once on notice of the infirmity of the Amended Complaint by reason of the safe harbor period, counsel should have taken steps to ensure that the deficiencies pointed out by Difficile did not equate to a factually meritless claim and call into question the affirmative obligation under Rule 11(b). The safe harbor period provides the opportunity to do just that and to correct or withdraw the challenged pleading before a

court considers whether Rule 11 has been violated and, if so, what appropriate sanctions may be imposed. This Gearty did not do.

Finally, the factual record in this bankruptcy case shows that the Amended Complaint was presented for an improper purpose. As asserted in Harendra's July 2019 Affidavit in opposition to Berger Fischoff's motion to withdraw as counsel, Harendra, on behalf of Raj & Raj, wanted Difficile to sell the Property to Raj & Raj's investor group. When Difficile ignored Raj & Raj's proposal and locked Raj & Raj out of the Property, Raj & Raj commenced the State Court Action to have Difficile recognize its unsupported claim of a leasehold interest at the Property for the next 20 plus years. [Dkt. No. 15]. Having failed to pursue any alleged leasehold rights during the bankruptcy case and in connection with the sale of the Property and when confronted with both Difficile's first motion to dismiss and the sanctions motion, Raj & Raj decided to take a different approach and attack the sale process itself. If Raj & Raj truly believed the sale of the Property must be set aside because it did not receive proper notice and wanted the Court to reconsider approval of the sale, it had several opportunities to move to undo the sale and the payoff of the mortgage encumbering the Property with the sale proceeds. It did not do so.

Instead, Raj & Raj filed the Amended Complaint, a pleading designed to frustrate Difficile's ownership of the Property, on questionable factual and legal arguments after Difficile declined to consider a sale of the Property to Raj & Raj's investor group or to acknowledge Raj & Raj's claim of a leasehold interest for an additional 20 years. It bears repeating that Raj & Raj did not move to set aside the REMM Sale Order in the Debtor's bankruptcy case for lack of notice, nor did it seek to join the trustee and the secured creditor, whose mortgage lien was satisfied from the sale proceeds, as parties to this adversary proceeding even though setting aside the REMM Sale Order would affect the Debtor's bankruptcy case and the rights of the secured creditor. Rather than directly challenge the

sale process itself, Raj & Raj sought to deprive Difficile of the very asset its assignor, REMM, purchased at auction and to leverage Difficile to sell the Property to an entity favorable to Raj & Raj in its quest to return to the Property.

For the foregoing reasons, the Court finds that by presenting and later advocating the Amended Complaint, Rule 11(b) and Bankruptcy Rule 9011(b) have been violated. Having so found, the Court now considers whether appropriate sanctions should be imposed under Fed. R. Civ. P 11(c) and Bankruptcy Rule 9011(c). In determining whether an appropriate sanction may be imposed, the Court considers the following:

> (1) whether the improper conduct was willful, or negligent;
> (2) whether it was part of a pattern o[f] activity, or an isolated event;
> (3) whether it infected the entire pleading, or only one particular count or defense;
> (4) whether the person has engaged in similar conduct in other litigation;
> (5) what effect it had on the litigation process in time or expense;
> (6) whether the responsible person is trained in the law; and
> (7) what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case.

*Bobcar Media, LLC*, 2019 WL 422613, at *3.

The deficiencies in the Amended Complaint - ranging from the factual allegations of lack of notice of both the commencement of the bankruptcy case and the sale process to a claimed possessory interest in certain personal property - "infected the entire pleading" and not just a singular count. As discussed above, the Court finds that Gearty failed to satisfy his obligation to conduct a reasonable inquiry into the facts as evidenced by the record of this bankruptcy case and adversary proceeding. Gearty should have exercised greater care in his inquiry of the facts and circumstances surrounding the Debtor's bankruptcy case and the pleadings previously filed in the adversary proceeding. His disregard of the factual history and pleadings filed belies any claim that he met the duty of reasonable inquiry mandated by Fed. R. Civ. P. 11. Additionally, he fell short of the certification, likewise mandated by Fed.

R. Civ. P. 11, that the arguments set forth in Amended Complaint had proper support in the law relating to the notice of sale given by the trustee under Bankruptcy Rule 2002(a) and whether Difficile, as assignee of a back-up bidder at the auction sale, must be held accountable for the giving of such notice. Although the Court has grave concerns over the presentation of the Amended Complaint by Gearty, the Court notes that this appears to be an isolated lapse of good judgment on his part as he does not have a history of violating Fed. R. Civ. P. 11 or Bankruptcy Rule 9011 in cases or proceedings before this Court. Nevertheless, because the Court finds Gearty's lapse to be troubling, a monetary sanction is appropriate to deter counsel from engaging in similar conduct in the future.

While monetary sanctions may not be imposed upon Raj & Raj pursuant to Bankruptcy Rule 9011(c)(2)(A) for the unwarranted legal contentions raised in the Amended Complaint that violate Bankruptcy Rule 9011(b)(2), Raj & Raj bears responsibility for the factual contentions that do not have evidentiary support as set forth under Bankruptcy Rule 9011(b)(3) and where the Amended Complaint was brought for an improper purpose pursuant to Bankruptcy Rule 9011(b)(1). Notwithstanding Difficile's initial sanctions motion and motion to dismiss the original complaint, as well as Berger Fischoff's withdrawal as counsel in the face of both motions, Raj & Raj continued to prosecute the action by authorizing the filing of the Amended Complaint even though it had to have known that the pleading was rife with factual contentions that lacked proper evidentiary support and directly contradicted the record in the bankruptcy case and this adversary proceeding, including representations previously made by it regarding notice.

Such conduct required Difficile to file another motion to dismiss and sanctions motion against Raj & Raj and its counsel. Yet, despite another round of motion practice, particularly a second motion to impose sanctions, where the factual discrepancies were highlighted, Raj & Raj remained steadfast and did not withdraw or appropriately correct the challenged

pleading. Rather, Raj & Raj (i) continued to insist that it did not receive notice of the bankruptcy filing itself or the trustee's motion to sell the Property at auction notwithstanding conduct and admissions by Harendra on behalf of Raj & Raj to the contrary and (ii) submitted the Cavayero November 2019 Affidavit whereby Mr. Cavayero sought to retract his prior representations to the Court and the trustee as to ownership of the personal property without any evidentiary support as to the veracity of his "new" representation. And for what purpose? Not in the first instance to undo the sale by reason of any perceived lack of notice, but rather, as discussed above, in an effort to harass and leverage Difficile to sell the Property to an entity that would permit Raj & Raj to return to the tenant space it had previously occupied at the Property. Interestingly, Raj & Raj did not take issue with VMC, the initial successful bidder at the auction sale, or 4021 HTL, the assignee of VMC also represented by Mr. Cavayero. No issue concerning notice of the filing of the bankruptcy case or the sale process was raised by Raj & Raj when it appeared that Mr. Cavayero's client was the initial successful bidder at the auction. It was only after 4021 HTL failed to close the transaction and the trustee then closed on the sale of the Property to Difficile, as designee of REMM (the back-up bidder at the auction sale), did Raj & Raj act.

It is apparent that Raj & Raj and its principals filed the Amended Complaint for the purpose of frustrating the rights of Difficile as purchaser of the Property, and the threat of sanctions as laid out in the first sanctions motion filed in this case and the current Sanctions Motion did not deter Raj & Raj. This has required Difficile to expend legal fees in defending this action originally commenced by Raj & Raj in State Court and removed to this Court, and to ward off an unsupported challenge to the integrity of the sale process on the basis of a deficient notice, as well as Raj & Raj's claimed leasehold rights and assertion that it had a valid interest in certain personal property located at the Property. Accordingly, the Court

finds the imposition of Fed. R. Civ. P. 11 and Bankruptcy Rule 9011 sanctions against Raj & Raj to also be appropriate and warranted in this case.

Having concluded that sanctions should be imposed against both counsel and Raj & Raj, the Court now addresses what is an appropriate sanction under the circumstances of this case. In so doing, the Court is guided by the following legal principles.

Courts retain "broad discretion in fashioning sanctions, and apportioning fees between attorney and client." *Eastway Constr. Corp.*, 762 F.2d at 254 n.7. *See also Martin v. Key Bank of N.Y. (In re Martin)*, 208 B.R. 807 (N.D.N.Y. 1997) ("Where the Bankruptcy Court finds sanctionable conduct, it has broad discretion in fashioning a sanction appropriate to the circumstances."). "The sanction may include nonmonetary directives; an order to pay a penalty into the court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Malvar Egerique v. Chowaiki*, 19 Civ. 3110 (KPF), 2020 WL 1974228, at *28 (S.D.N.Y. Apr. 24, 2020) (internal quotations omitted). Once a court determines that an award of attorneys' fees is the appropriate sanction, then "[t]he starting point in determining an appropriate sanction based upon the cost of attorneys' fees is 'the calculation of the time reasonably expended in responding to the improper signing which is then multiplied by a reasonable hourly rate.'" *In re Cedar Tide Corp.*, 164 B.R. 808, 818-9 (E.D.N.Y. 1994) (quoting *In re Wonder Corp. of America*, 109 B.R. 18, 32 (Bankr. D. Conn. 1989)).

However, "Rule 11 is not a fee-shifting statute." *Cooter & Gell*, 496 U.S. at 409. "By its own terms, Rule 11 does not require that attorney's fees be awarded—it only requires that the sanction be appropriate." *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (internal quotation omitted); *see also Landmark Ventures, Inc. v. Cohen*, No. 13 Civ.

9044(JGK), 2014 WL 6784397, at *6 (S.D.N.Y. Nov. 26, 2014) (stating that "[a] court's broad discretion in determining monetary sanctions permits it to assign sanctions that are not directly tied to actual fees."). Courts have awarded a monetary penalty without regard to the actual attorneys' fees incurred. *Landmark Ventures, Inc.*, 2014 WL 6784397, at *6 (awarding a flat sum in the absence of documentation of attorneys' fees incurred); *Schwartz v. Nordstrom, Inc.*, 94 Civ. 1005 (CSH), 1994 U.S. Dist. LEXIS 15203, at *9 (S.D.N.Y. Oct. 25, 1994) (imposing a monetary penalty of $3,000 and an injunction against further lawsuits against defendant without prior permission of the court in order to deter the further filings by *pro se* plaintiff of meritless and vexatious lawsuits in violation of Fed. R. Civ. P. 11(b)(1) and (b)(2)). Indeed, a flat monetary sanction may be reasonable where there is a disparity in size of the law firms representing the parties or where the preparation and submission of a fee petition would itself generate additional fees and costs leading to a further drain of resources. *Malvar Egerique*, 2020 WL 1974228, at *32 (awarding an "absolute number now that it believes fairly vindicates the purposes of Rule 11" rather than waiting to award fees and costs after review of a fee petition to be filed); *Landmark Ventures, Inc.*, 2014 WL 6784397, at *6 (awarding a flat where the fees and costs incurred would exceed any sanction sufficient for deterrence and the submission of a further fee petition would be "needless and uncompensated work.").

Difficile did not include any information regarding the attorneys' fees and costs it incurred in seeking dismissal of the Amended Complaint and prosecuting the Sanctions Motion. However, the Court notes that based upon the adversary proceeding docket alone, Difficile would have incurred attorneys' fees and costs for removing the State Court Action to the U.S. District Court, appearing before the U.S. District Court in connection with the removed action and to have the action referred to this Court, drafting and filing the motion to dismiss the Amended Complaint and the Sanctions Motion, reviewing the opposition filed

to each of the motions, filing reply papers relating thereto, and appearing before this Court on multiple occasions, including for oral argument on the motion to dismiss. Those fees and costs do not include any fees and costs Difficile incurred with respect to the motion to dismiss the original complaint, the initial sanctions motion, and the Motion for Leave to Amend as those preceded the filing of the Amended Complaint at issue.

Given the amount of time and effort, as reflected on the docket in this adversary proceeding, expended by Difficile in reviewing the extensive case history and addressing the Amended Complaint, a compensatory payment for the full amount of the attorneys' fees and costs incurred by Difficile would exceed what is necessary to deter similar filings. Gearty is a solo practitioner and has appeared in this Court in consumer bankruptcy cases while defendant's counsel is a relatively large law firm that has appeared before this Court in various chapter 11 cases representing primarily corporate clients. A sanction award compensating Difficile in full would have a significant adverse effect on Gearty. As discussed above, this appears to be an isolated instance for Gearty. Raj & Raj did not appeal the Court's Memorandum Decision dismissing the Amended Complaint, and the time to do so has long since passed. It does not appear that there will be further proceedings in this case. The Debtor's bankruptcy estate has been fully administered as the trustee's final report and account has been filed and approved. Accordingly, the Court finds that a monetary sanction, albeit in an amount smaller than the costs and expenses Difficile actually incurred, to be an appropriate sanction as Rule 11 envisions deterrence and not fee-shifting. Thus, in the exercise of its discretion, the Court imposes a monetary sanction of $1,500.00 as that is proper under the circumstances of this case to deter similar violations by counsel and sufficient to ensure that future pleadings filed by counsel have both a proper purpose and proper factual and legal support. This amount shall be payable to counsel for Difficile. Fed. R. Civ. P. 11(c)(4); Fed. R. Bankr. P. 9011(c)(2).

Additionally, the Court finds it appropriate to impose a monetary sanction upon Raj & Raj for its conduct in this adversary proceeding. Again, the amount to be imposed is not designed to be compensatory but rather to serve a deterrence objective. As noted above, to require Difficile to submit a fee application detailing the actual fees and costs incurred by it with respect to the Amended Complaint would result in the expenditure of additional fees and costs by the parties. That is not necessary as the deterrence sanction that the Court will impose is relatively small when considering the time and effort expended by Difficile as reflected in the record of this adversary proceeding. Thus, in the exercise of its discretion, the Court will impose a monetary sanction upon Raj & Raj in the amount of $2,500.00. This amount shall be payable to counsel for Difficile. Fed. R. Civ. P. 11(c)(4); Fed. R. Bankr. P. 9011(c)(2). Because the Court grants monetary sanctions under Rule 11 and Bankruptcy Rule 9011, it need not consider whether sanctions would also be justified under 28 U.S.C. § 1927.

## CONCLUSION

For the foregoing reasons, the Sanctions Motion is granted in part and denied in part as follows: (a) that portion of the Sanctions Motion that seeks to impose sanctions under Fed. R. Civ. P. 11 and Bankruptcy Rule 9011 upon Ruby, Rajeshwari, and Gearty with respect to the affidavits and affirmation submitted by each of them in connection with the Motion for Leave to Amend is denied; and (b) that portion of the Sanctions Motion that seeks to impose sanctions under Fed. R. Civ. P. 11 and Bankruptcy Rule 9011 upon Gearty and Raj & Raj with respect to the Amended Complaint is granted as to (i) Gearty in the amount of $1,500.00 and (ii) Raj & Raj in the amount of $2,500.00. These amounts shall be payable to counsel for

Difficile within twenty-one days of the entry of this Memorandum Decision and Order on the

Court's docket.

So Ordered.



**Dated: August 2, 2021**
  **Central Islip, New York**

              **Louis A. Scarcella**
              **United States Bankruptcy Judge**